UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JULIE HAUTZENROEDER,
  Petitioner,

vs.

OHIO ATTORNEY GENERAL,
  Respondent.

Case No. 1:16-cv-443

Barrett, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

  This habeas corpus action brought pursuant to 28 U.S.C. § 2254 is before the Court on respondent's motion to dismiss for lack of jurisdiction, which petitioner opposes. (Doc. 4, 5). For the reasons stated below, it is recommended that the motion be granted.

  Petitioner, through counsel, filed a petition for a writ of habeas corpus on March 31, 2016, challenging her 2013 conviction and sentence in the Hamilton County, Ohio Court of Common Pleas.[1] (Doc. 1). On December 26, 2013, following a jury trial in which petitioner was found guilty of sexual battery, petitioner was sentenced to serve two years in the Ohio Department of Corrections. (*See id.* at PageID 17). Petitioner was also designated a Tier III Sex Offender under Ohio's sexual offender registration scheme, which requires her to register for life. On August 1, 2014, petitioner was judicially released on community control to the Hamilton County Probation Office. (Doc. 4, Ex. 1). Petitioner completed her probation and was fully discharged of her sentence on December 1, 2014. (Doc. 4, Ex. 2).

  28 U.S.C. § 2254(a) provides that district courts have jurisdiction to entertain petitions for habeas relief "only from persons who are *in custody* in violation of the Constitution or law or treaties of the United States." *Maleng v. Cook,* 490 U.S. 488, 490 (1989) (emphasis in original)

---

[1] Petitioner brings three grounds for relief in the petition, challenging her conviction on the basis that it was not supported by sufficient evidence, was against the manifest weight of the evidence, and was the product of ineffective assistance of counsel. (Doc. 1).

(internal citation and quotation marks omitted). "[T]he habeas petitioner must be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng*, 490 U.S. at 490 (citing *Carafas v. Lavallee,* 391 U.S. 234, 238 (1968)). "Although the Supreme Court has not interpreted 28 U.S.C. § 2254 as requiring that a prisoner be physically confined in order to challenge [her] sentence on habeas corpus, the custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." *Leslie v. Randle*, 296 F.3d 518, 521 (6th Cir. 2002) (internal citation and quotation marks omitted). Except in limited situations not applicable to the case-at-hand, the custody requirement is not met if the petitioner files her habeas petition after the sentence imposed for the challenged conviction has "fully expired." *See id.* at 493–94; *see also Lackawanna County Dist. Attorney v. Coss,* 532 U.S. 394, 401 (2001); *Steverson v. Simmers,* 258 F.3d 520, 522–25 (6th Cir. 2001). "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction," such as the inability to vote, engage in certain businesses, hold public office or serve as a juror, "are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack on it." *Maleng,* 490 U.S. at 492. *See also White v. Kapture,* 42 F. App'x 672, 673–74 (6th Cir. 2002). Furthermore, the "in custody" requirement is not satisfied "merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which [an individual] is convicted." *Maleng,* 490 U.S. at 492.

Petitioner argues that she is in custody for purposes of 28 U.S.C. § 2254 by virtue of being subject to Ohio's sexual offender registration scheme. However, the Sixth Circuit—in line with other federal circuit and district courts—has held that that the registration, reporting, and notification requirements for sex offenders do not constitute "a severe and immediate restraint on

[ones] liberty to satisfy the 'in custody' prerequisite for federal habeas corpus review." *Leslie*, 296 at 521–23 (concluding "that the classification, registration, and community notification provisions are more analogous to collateral consequences such as the loss of the right to vote than to sever restraints on freedom of movement, such as parole."); *Moviel v. Smith*, No. 1:08-cv-1612, 2010 WL 148141, at *19 (N.D. Ohio Jan. 12, 2010) ("When the state court merely requires post release registration under Ohio Rev. Code Chapter 2950 after defendant serves the period of incarceration there is no restraint, hence no state custody."), aff'd on other grounds, 482 F. App'x 73 (6th Cir. 2012). *See also Wilson v. Flaherty*, 689 F.3d 332, 337 (4th Cir. 2012) ("every court of appeals to have considered whether the registration requirements imposed on sex offenders place the sex offender in custody for purposes of habeas jurisdiction has concluded that they do not."); *Rodriguez v. Attorney General*, No. 10 Civ. 3868, 2011 WL 519591, at *7 (S.D.N.Y. Feb. 15, 2011) (Report and Recommendation) ("it appears that every federal district court that has considered the issue has reached the same conclusion—that the requirements of state sex offender laws . . . constitute mere collateral consequences of a conviction and not restraints on a petitioner's liberty sufficient to render a petitioner 'in custody' under Section 2254(a)") (collecting cases), *adopted*, 2011 WL 3875328 (S.D.N.Y. Sep. 2, 2011).

Petitioner contends that her case is distinguishable from *Leslie* on the basis that she is subject to restrictions enacted by the Ohio legislature subsequent to the Sixth Circuit decision, which she argues impose significant restraints on her liberty.[2] Specifically, petitioner argues that under the current registration statute she is prohibited from establishing or occupying a residence within 1000 feet of a school, daycare, or preschool; the label "sexual predator" is now permanent; the registration duties are more demanding, requiring registration with the sheriff of

---

[2] In 2007, Ohio enacted its version of the federal Adam Walsh Act, 42 U.S.C. § 16911 et seq. The Amendment replaced the former state version of the federal Megan's Law, 42 U.S.C. § 14071. *See Ohio v. Williams*, 952 N.E.2d 1108, 1110 (Ohio 2011).

3

the county in which they reside, work, and go to school; offenders must now divulge personal information not previously required; the public may be alerted to the presence of a Tier III sex offender every 90 days; the sheriff is permitted to request that a sex offender's landlord verify that the offender currently resides at the registered address; petitioner may not leave the county for more than three days without registering in person with the county to which she travels[3]; and if petitioner fails to comply with the registration statute, she is subject to a charge of failing to register under Ohio Rev. Code § 2950.99, a felony of the third degree.  Based on these differences, petitioner contends that her sex offender designation results in significant restraints on her liberty and she therefore satisfies the custody requirement.

       The Court is not persuaded.  As petitioner notes, federal court precedent expanding the definition of custody beyond physical confinement has focused on the physical restraints placed on the petitioner's freedom of movement.  *See Leslie*, 296 F.3d at 522 ("federal court precedents that have found a restraint on liberty rely heavily on the notion of a physical sense of liberty— that is, whether the legal disability in question limits the putative habeas petitioner's movement") (internal quotation marks and citation omitted).  The Supreme Court has held, for example, that a prisoner released on parole remained "in custody" because "the custody and control of the Parole Board involve significant restraints on petitioner's liberty," including confinement "to a particular community, house, and job, at the sufferance of his parole officer," reporting requirements, and restriction on certain activities.  *Jones v. Cunningham*, 371 U.S. 236, 242 (1963).  Because of these restrictions, the *Jones* Court observed that the parolee "must live in constant fear that a single deviation, however slight, might be enough to result in his being returned to prison to serve out the very sentence he claims was imposed upon him in violation of

---

[3] Ohio Rev. Code § 2950.04(A)(2)(a) states that "The offender shall register personally with the sheriff, or the sheriff's designee, of the county within three days of the offender's coming into a county in which the offender resides or temporarily is domiciled for more than three days."

4

the United States Constitution." *Id.  See also Hensley v. Mun. Court.*, 411 U.S. 345, 351 (1973) (ruling that a defendant released on his own recognizance prior to beginning his sentence was "in custody" based on the defendant's "obligation to appear at all times and places as ordered by any court or magistrate of competent jurisdiction" and the fact that "[h]is freedom of movement rests in the hands of state judicial officers, who may demand his presence at any time and without a moment's notice.").  In *Leslie*, the Sixth Circuit found that Ohio's registration scheme placed no similar restraints on a sex offender's movement.  *Leslie*, 296 F.3d at 522.  The Sixth Circuit reasoned that the Ohio statute applies independent of whether the offender stays in the same place or moves and, therefore, the ability to move to a different community or residence is not conditioned on government approval.  The court further noted that "Leslie's continued freedom is not conditioned on his ability to remain employed, nor is he prohibited from engaging in any legal activities." *Id.*

Although petitioner contends that the current sex offender regime is more onerous than that at issue in *Leslie*, the Court finds that the registration scheme does not impose severe restraints on her freedom sufficient to satisfy § 2254's "in custody" requirement.  As in *Leslie*, petitioner's movement is not conditioned on obtaining government approval, her freedom is not contingent on her ability to remain employed, and she is not prohibited from engaging in legal activities.  *See Dickey v. Allbaugh*,  __ F. App'x __, 2016 WL 6211801, at *3 (10th Cir. Oct. 2016) (finding Oklahoma's registration requirement did not impose a severe restraint on the petitioner's freedom because "[t]here is no condition of Mr. Dickey's sentence that could subject him to reincarceration or impose an additional restraint on his liberty.  He remains free to live, work, travel, associate, and engage in lawful activities without government approval.").  Petitioner has not otherwise identified any unique requirement of Ohio's registration scheme that

5

would differentiate it from the uniform body of case law finding that compliance with state registration schemes is sufficient to meet § 2254's custody requirement. *See e.g., Dickey v. Patton*, No. Civ-15-685-M, 2015 WL 8592709, at *2–3 (W.D. Okla. Sept. 28, 2015) (Report and Recommendation) (finding a restriction preventing an offender from living within two thousand feet of a school, amongst others, to be insufficient to satisfy the habeas custody requirement), *affirmed,* 2016 WL 6211801 (10th Cir. Oct. 25, 2016); *Goodwin v. United States*, No. 3:12-cv-1387, 2014 WL 7074336 at *6 (S.D. Fl. Dec. 15, 2014) (finding the registration requirement that sex offender "register and to keep the registration current in each jurisdiction where he resides, works, is a student, or was convicted," amongst other requirements, were comparable to circuit court precedent and insufficient to satisfy the "in custody" requirement); *See Moore v. New Jersey,* No. 11–3150, 2012 WL 1574370, at *3 (D.N.J. May 3, 2012) (finding the requirement that a sex offender register for life to be a collateral consequence of conviction that does not constitute a severe and immediate restraint on liberty to satisfy "in custody" requirement).[4]

In any event, petitioner is not "in custody" under the conviction she seeks to attack. As the Supreme Court held in *Maleng*, in order to meet the custody requirement "the petitioner must be 'in custody' under the conviction or sentence under attack at the time [her] petition is filed." *Maleng*, 490 U.S. at 490–91. Here, petitioner seeks to challenge her underlying sexual battery

---

[4] The Court's opinion is not altered by petitioner's reliance on the Ohio Supreme Court's finding that Ohio's current registration scheme is punitive in nature. In *Ohio v. Williams*, 952 N.E.2d 1108 (Ohio 2011), the Ohio Supreme Court held that application of 2007 amendments to Ohio's registration statute to a sex offender whose crime was committed prior to the enactment violated Ohio's constitutional prohibition on retroactive statutes. In so ruling, the Court had to determine whether the statutory provisions were punitive or remedial. Finding that the amendments "imposed new or additional burdens, duties, obligations, or liabilities as to a past transaction," the Court concluded that the amendments were punitive in nature. *Id.* at 113. However, this finding does not mean that petitioner is in custody for federal habeas corpus. *See Leslie*, 296 F.3d at 523 (concurring opinion) ("while the classification, registration and notification requirements of the Ohio sexual predator statute are viewed as collateral consequences of a conviction rather than a restraint on liberty sufficient to satisfy the 'in custody' requirement for purposes of federal habeas review, these same consequences might be considered punitive for purposes of the Ex Post Facto Clause"). *See also Dickey v. Patton*, 2015 WL 8592709, at *3-4 (concluding that Oklahoma Supreme Court's finding that its state registration scheme was punitive in its *ex post facto* analysis was insufficient to establish custody under § 2254).

conviction, not Ohio's registration scheme or her duty to comply with it. Because petitioner completed the sentence imposed for her sexual battery conviction on December 1, 2014, upon completion of probation and prior to filing this action, she is unable to meet § 2254's custody requirement. *See Stanbridge v. Scott*, 791 F.3d 715, 719 (7th Cir. 2015) ("Collateral consequences, even those that impose a significant restraint on one's freedom of movement . . . do not render a petitioner 'in custody.'"); *Wilson v. Flaherty*, 689 F.3d 332, 337 (4th Cir. 2012) ("While it is true that the triggering fact for [the sex offender registration statute] is Wilson's rape conviction, the registration requirements are not imposed *as a sentence for his rape* but rather as a collateral consequence of his having been convicted of rape.") (emphasis in original). In *Stanbridge*, for example, the petitioner was civilly committed under Illinois's Sexually Violent Persons Commitment Act and sought to challenge his criminal conviction for aggravated criminal sexual abuse after having fully served his sentence for that offense. Observing that civil commitment restrained petitioner's physical liberty of movement, the Seventh Circuit found that petitioner was in custody pursuant to his civil commitment order and "the federal courts would have subject matter jurisdiction to hear a habeas challenge to the constitutionality *of that custody*." *Stanbridge,* 791 F.3d at 721 (emphasis in original). However, the petitioner was not in custody pursuant to his sexual abuse conviction and, therefore, the court did not have jurisdiction over the petition attacking his underlying conviction. *Id.* at 720–22.

The Court lacks jurisdiction to consider the habeas corpus petition because petitioner was not in custody when she filed her petition and Ohio's sex offender notification and registration requirements do not amount to custody for purposes of challenging her underlying conviction. As noted above, petitioner fully served her sentence on December 1, 2014 and was not thereafter subject to supervised release or probation based on her convictions. Petitioner therefore was no

longer "in custody" based on the challenged conviction and the Court lacks jurisdiction over the petition. *See Maleng*, 490 U.S. at 491 ("We have never held . . . that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed.") (emphasis in original).

Accordingly, the undersigned concludes that the Court does not have jurisdiction over the petition and that respondent's motion to dismiss (Doc. 4) should be **GRANTED**.

**IT IS SO RECOMMENDED.**

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JULIE HAUTZENROEDER,
    Petitioner,

vs.

OHIO ATTORNEY GENERAL,
    Respondent.

Case No. 1:16-cv-443

Barrett, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).