UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Julie Hautzenroeder,

    Petitioner,

v.

                                Case No.: 1:16-cv-443

                                Judge Michael R. Barrett

Michael Dewine,

    Respondent.

## ORDER

This matter is before the Court on the Magistrate Judge's February 13, 2017 Report and Recommendation ("R&R") that Respondent's Motion to Dismiss for Lack of Jurisdiction be granted. (Doc. 6).

The parties were given proper notice under Rule 72(b) of the Federal Rules of Civil Procedure, including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949-950 (6th Cir. 1981). Petitioner filed timely objections to the R&R. (Doc. 7).

This Court shall consider objections to a magistrate judge's order on a nondispositive matter and "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a). When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the

recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254. Respondent moves to dismiss the petition because Petitioner is not currently incarcerated, or otherwise "in custody" of the State of Ohio.

As the Magistrate Judge explained, "[t]he federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 491, 109 S. Ct. 1923, 1925, 104 L. Ed. 2d 540 (1989) (quoting 28 U.S.C. § 2241(c)(3)). However, this does not mean that "a prisoner be physically confined in order to challenge his sentence on habeas corpus." *Id.*

Petitioner argues that she is "in custody" for purposes of 28 U.S.C. § 2254 because even though she has completed her sentence, she is subject to Ohio's sexual offender registration scheme. However, the Magistrate Judge noted that in *Leslie v. Randle*, 296 F.3d 518, 522 (6th Cir. 2002), the Sixth Circuit determined that classification as a sexual predator in Ohio does not result in the offender being "in custody" for federal habeas purposes. The Sixth Circuit noted that the Ohio statute did not place physical constraints on the offender's freedom, the offender's "continued freedom is not conditioned on his ability to remain employed, nor is he prohibited from engaging in any legal activities." *Id.* The Sixth Circuit also noted that "the Ohio Supreme Court has also held that the sexual-predator statute is remedial as opposed to punitive in nature." *Id.* (citing *State v. Cook*, 83 Ohio St.3d 404, 700 N.E.2d 570, 585 (Ohio 1998)).

Petitioner disputes the applicability of *Leslie* because since that decision, the Ohio legislature has made changes to the sexual-predator statute.  Petitioner explains that under the new statute, she is subject to additional restrictions and obligations: (1) offenders are prohibited from establishing or occupying a residence within 1000 feet of a school, daycare, or preschool; (2) the label "sexual predator" is now permanent; (3) offenders must now personally register with the sheriff of the county in which they reside, work, and go to school; (4) offenders must now divulge personal information not previously required; (5) the public may be alerted to the presence of a Tier III sex offender every 90 days; (6) the sheriff is permitted to request that a sex offender's landlord verify that the offender currently resides at the registered address; (7) an offender may not leave the county for more than three days without registering in the county; and (8) if an offender fails to comply with the registration statute, the offender is subject to a charge of failing to register under Ohio Rev. Code § 2950.99, a felony of the third degree.  Petitioner argues that these restrictions are greater limitations on her movement as compared to the restrictions in the earlier version of the statute.  Petitioner explains that while the court in *Leslie* noted that the previous statute was remedial, the new statute has been interpreted by the Supreme Court as punitive.  *See State v. Williams*, 129 Ohio St. 3d 344, 348, 952 N.E.2d 1108, 1112 (Ohio 2011) (holding that Ohio's sex offender statute imposes requirements based on the federal Adam Walsh Act that are punitive and cannot be applied retroactively to a person whose crime was committed before the bill's enactment).

In *Maleng v. Cook*, the Supreme Court explained that "once the sentence imposed for a conviction has completely expired, the collateral consequences of that

3

conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." 490 U.S. 488, 492. Collateral consequences of conviction are those which have only a negligible effect on liberty or movement. *Virsnieks v. Smith*, 521 F.3d 707, 718 (7th Cir. 2008) (collecting cases). For example, the "inability to vote, engage in certain businesses, hold public office, or serve as a juror" are not restraints sufficient to constitute custody. *Maleng*, 490 U.S. at 491-92, 109 S.Ct. 1923; *see also Williamson v. Gregoire*, 151 F.3d 1180, 1183 (9th Cir. 1998) (revocation of a driver's license, medical license, or a license to practice law, or the disqualification as a real estate broker and insurance agent are not sufficient to constitute custody).

As the Magistrate Judge explained, restrictions similar to those in Ohio's current sexual offender statute have been found by courts to be insufficient to constitute custody. (Doc. 6, PAGEID #54) (citing *Dickey v. Patton*, No. Civ-15-685-M, 2015 WL 8592709, at *2-3 (W.D. Okla. Sept. 28, 2015) (Report and Recommendation) (finding a restriction preventing an offender from living within two thousand feet of a school, amongst others, to be insufficient to satisfy the habeas custody requirement), *affirmed*, 2016 WL 6211801 (10th Cir. Oct. 25, 2016); *Goodwin v. United States*, No. 3:12-cv-1387, 2014 WL 7074336, at *6 (S.D. Fl. Dec. 15, 2014) (finding the registration requirement that sex offender "register and to keep the registration current in each jurisdiction where he resides, works, is a student, or was convicted," amongst other requirements, were comparable to circuit court precedent and insufficient to satisfy the "in custody" requirement); *Moore v. New Jersey*, No. 11–3150, 2012 WL 1574370, at *3 (D.N.J. May 3, 2012) (finding the requirement that a sex offender register for life to be a

4

collateral consequence of conviction that does not constitute a severe and immediate restraint on liberty to satisfy "in custody" requirement).  Therefore, the Court finds that there was no error in the Magistrate Judge's conclusion that Ohio's sex offender notification and registration requirements are insufficient to constitute custody for purposes of 28 U.S.C. § 2254.  Therefore, Petitioner was no longer "in custody" when she filed her petition.  Accordingly, this Court does not have jurisdiction over the petition.

Based on the foregoing, the Magistrate Judge's February 13, 2017 R&R (Doc. 6) is **ADOPTED**.  Accordingly, it is hereby **ORDERED** that:

1. Respondent's Motion to Dismiss (Doc. 4) is **GRANTED**; and
2. This matter is **CLOSED** and **TERMINATED** from the active docket of this Court.

**IT IS SO ORDERED.**

                                           */s/ Michael R. Barrett*
                                           JUDGE MICHAEL R. BARRETT